IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

OSCAR L. FINLEY,

        **Plaintiff,**

v.                                                    Case No. 2:14-cv-26206

GOVERNOR EARL RAY TOMBLIN,
COMMISSIONER JIM RUBENSTEIN,
WARDEN DAVID BALLARD,
DEPUTY WARDEN RALPH TERRY,
PATRICK JENIZEWSKI, Institutional Investigator,
and JERRY AUXIER, State Shop Supervisor,

        **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the plaintiff's "Notice of Intent to File 1983 Civil Rights Complaint" (ECF No. 1), and the plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 4).

## PROCEDURAL HISTORY

The plaintiff is a prisoner in the custody of the West Virginia Division of Corrections, who is presently incarcerated at the Mount Olive Correctional Complex ("MOCC"). On September 25, 2014, the Clerk's Office received and docketed a "Notice of Intent to File Civil Rights Complaint" (hereinafter "Notice") (ECF No. 1), which the court used to initiate this civil action. The Notice states as follows:

> This notice is to be held until Plaintiff has exhausted his correctional remedies. This action falls under the abuse of discretion by defendant Auxier and upheld by staff, which the plaintiff was terminated from his job and given a frivolous disciplinary action. The plaintiff declares that he will be denied the right to a fair trial by a biased hearing officer, Brian Greenwood. The plaintiff declares that he was verbally sexually assaulted and the staff has upheld the sexual abuse by abuse of discretion and by disciplinary action and termination from position in State Shop. Exhibits are attached.

(*Id.* at 1). The plaintiff attached his grievance/institutional complaint documents to his Notice. (*Id.*, Attach. 1).

On October 22, 2014, the undersigned entered an Order directing the Clerk to mail a blank Complaint form, an Application to Proceed Without Prepayment of Fees and Costs and an Authorization to Release Institutional Account Information to the plaintiff and ordered the plaintiff to return the same for filing within 30 days. (ECF No. 3). The plaintiff was further advised that his Complaint must identify the defendants he sought to sue, the constitutional or statutory bases for his claims and specific factual allegations in support of those claims. He was further advised that the failure to complete the forms as ordered would result in the undersigned's recommendation of dismissal of this civil action without prejudice for failure to prosecute. (*Id.*)

On November 3, 2014, the plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 4) and an Authorization to Release Institutional Account Information (ECF No. 5); however, he failed to file the Complaint form. Then, on November 13, 2014, the plaintiff filed additional documentation consisting of additional correspondence to the defendants named in his Notice and grievance documents. The plaintiff still failed to file the Complaint form.

## **ANALYSIS**

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil action under this section [relating to proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also*, *Ashley v. E. Dilworth*, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denies the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes")."). Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 F.3d 1234, 1237 (11th Cir. 2002). In fact, the presiding District Judge in this matter dismissed a prior Complaint filed by the plaintiff on this basis. S*ee Finley v. Doe*, No. 5:07-cv-00807, 2008 WL 2645472 (S.D. W. Va. June 30, 2008) (Johnston, J.).

The undersigned has determined that the plaintiff has previously filed at least three actions in federal court which have been dismissed as being frivolous or malicious or for failure to state a claim upon which relief can be granted.[1] While the PLRA includes an

---

[1] The following three cases filed by the plaintiff have been dismissed on the grounds specified in 28 U.S.C. § 1915(g): *Finley v. Painter*, 5:99-cv-00765 (S.D. W. Va. June 26, 2000) (Haden, C.J.); *Finley v. Painter*, 5:00-cv-00209 (S.D. W.Va. Jan. 31, 2001) (Faber, J.); and *Finley v. Rubenstein*, 5:03-cv-00066 (S.D. W.

3

exception to the section 1915(g) filing restriction if the prisoner is under imminent danger of serious physical injury, the plaintiff has not and cannot assert that he is under imminent danger of serious physical injury with respect to the allegations he has asserted in this civil action.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that, while incarcerated, the plaintiff has filed at least three federal civil actions that have been dismissed as being frivolous or malicious, or for failure to state a claim upon which relief may be granted and, thus, he qualifies for application of the three strikes provision contained in 28 U.S.C. § 1915(g). Additionally, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's documents fail to state any facts indicating that the plaintiff is under imminent danger of serious physical injury sufficient to warrant an exception to the PLRA three strikes rule in this matter. Therefore, dismissal of this civil action, without prejudice, is appropriate.

## RECOMMENDATION

Pursuant to the proposed findings made herein, and the provisions of 28 U.S.C. § 1915(g), it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 4) and **DISMISS** this civil action without prejudice.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the

---

Va. Mar. 11, 2004) (Haden, J.). These same civil actions were determined to count as strikes under the three strikes rule by the presiding District Judge in *Finley v. Doe*, No. 5:07-cv-00807, 2008 WL 2645472 (S.D. W. Va. June 30, 2008) (Johnston, J.).

4

plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

March 27, 2017

Dwane L. Tinsley
United States Magistrate Judge